[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 5, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-15849
Non-Argument Calendar

_____

D. C. Docket No. 04-00045-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIMAS PENALOZA RIOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 5, 2005)**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Dimas Penaloza Rios appeals his 77-month sentence for illegal reentry into

the United States after removal, in violation of 8 U.S.C. sections 1326(a) and (b)(2). Rios challenges both the enhancements to his sentence based on his previous convictions and the application of the United States Sentencing Guidelines as mandatory. Although one of his objections fails, Rios's other objection requires that we vacate his sentence. Because Rios did not object to the enhancements to his sentence in the district court, and he cannot show that the application of the enhancements affected his substantial rights, we reject Rios's challenge to his sentence on Sixth Amendment grounds. We vacate Rios's sentence and remand to the district court for resentencing, however, because Rios objected to the use of the sentencing guidelines, and the government cannot show that the use of the guidelines as mandatory was harmless error.

## I. BACKGROUND

In July 2004, in accord with a plea agreement, Rios pleaded guilty to one count of illegal reentry of a removed alien, in violation of 8 U.S.C. section 1326(b)(2). During the Rule 11 hearing, after the district court had accepted the plea, a government witness, Scott McCormack, testified regarding Rios's criminal history. McCormack stated that Rios had two previous convictions in California, two previous convictions in Georgia, and that Rios had been sentenced to sixteen years' imprisonment on one of the convictions. McCormack also stated that Rios

was previously deported on June 4, 2001, and did not have authorization to reenter the United States. When questioned, Rios, under oath, admitted the truth of McCormack's testimony.

Rios was sentenced in accord with the sentencing guidelines. Under guidelines section 2L1.2, Rios's base offense level was 8. The offense level was increased by 16 levels under guidelines section 2L1.2(b)(1)(A)(i) because Rios was previously deported after sustaining a conviction for a drug trafficking offense for which the sentence imposed exceeded thirteen months. Finally, the offense level was reduced by three levels for acceptance of responsibility for a total offense level of 21. Rios's criminal history was set at 13, because of his numerous previous convictions, he was on parole when he committed the instant offense, and the offense was committed less than two years following Rios's release from custody for his California convictions. With a offense level of 21 and a criminal history category of VI, the applicable guideline range was 77 to 99 months. The maximum statutory sentence under 8 U.S.C. section 1326(b) was twenty years.

Rios objected to the presentence investigation report on the ground that the sentencing guidelines were unconstitutional. Rios did not object to the use of his previous convictions to calculate his guideline range. Neither did Rios make any additional argument at sentencing. The district court entered a sentence of 77

months' imprisonment.

## II. STANDARD OF REVIEW

To the extent Rios objected to the use of the sentencing guidelines as unconstitutional in the district court, we review his sentence de novo. United States v. Sanchez, 269 F.3d 1250, 1272 (11th Cir. 2002) (en banc). We will reverse the district court only if any error was harmful. Id. Any argument not raised in the district court, however, is reviewed only for plain error. United States v. Kramer, 73 F.3d 1067, 1074 (11th Cir. 1996).

## III. DISCUSSION

Under United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), there are two kinds of sentencing errors; one is constitutional and the other is statutory. "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1297 (11th Cir. 2005). In addition, "[a]s a result of Booker's remedial holding, Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." U.S. v. Shelton, No. 04-12602, 2005 WL 435120, *5 (11th Cir. Feb 25, 2005). Rios challenges his sentence on both grounds, and we address each

4

argument in turn.

As to the alleged constitutional error, Rios's challenge to the enhancements to his sentence fails for several reasons. First, nothing in Booker applies to the use of a previous conviction to enhance a sentence. On the contrary, the Supreme Court in Booker reaffirmed its holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756 (emphasis added); Shelton, 2005 WL 435120, *3. Second, Rios admitted his previous convictions at his plea hearing and did not object to the factual statements in the presentence report. See Shelton, 2005 WL 435120, *3. Third, Rios did not object to the calculation of the guideline range in the district court nor has he presented any evidence to show that his substantial rights were affected. See Rodriguez, 398 F.3d at 1301.

Rios's objection to his sentence on statutory error grounds, which he raised in the district court, has merit. The district court erred when it sentenced Rios, because it considered the Guidelines to be mandatory. Although we must disregard this error if the error was harmless, an error is not harmless if it affects the substantial rights of the parties. Fed. R. Crim. P. 52(a); United States v.

<u>Hernandez</u>, 160 F.3d 661, 670 (11th Cir. 1998).  The government bears the burden of showing that the error did not affect the defendant's substantial rights.  <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 741, 113 S. Ct. 1770, 1781 (1993).  The government cannot meet its burden, because the record does not provide any evidence to show what sentence the district court would have imposed if the district court had considered the Guidelines to be advisory.  The government conceded in its response brief that this appeal should be remanded for resentencing under advisory guidelines.

## IV. CONCLUSION

Because the calculation of the guideline range by the district court was not plain error, we reject Rios's challenge to his sentence on Sixth Amendment grounds.  We **VACATE**  Rios's sentence and **REMAND** to the district court for resentencing, however, because the government cannot show that the use of the guidelines as mandatory was harmless error.